PATRICK B. BRYAN
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 616-8299

J. ANDREW RUYMANN
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office, District of New Jersey
402 East State Street, Room 430
Trenton, New Jersey 08608
Phone: (609) 989-0563

*Counsel for Plaintiff United States of America*

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

By: THOMAS LIHAN
Deputy Attorney General
(609) 376-2740

*Counsel for Plaintiffs*
*New Jersey Department of Environmental Protection*
*and the Administrator of the New Jersey Spill Compensation Fund*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA;<br>NEW JERSEY DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION;<br>and ADMINISTRATOR, NEW JERSEY SPILL<br>COMPENSATION FUND<br><br>Plaintiffs,<br><br>v.<br><br>CORNELL DUBILIER<br>ELECTRONICS, INC.<br><br>Defendant. | Civil Action No. __ |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the United States Environmental Protection Agency ("EPA") and the Secretary of the United States Department of the Interior ("DOI"), the New Jersey Department of Environmental Protection ("NJDEP"), and the Administrator of the New Jersey Spill Compensation Fund ("Administrator"), by and through the New Jersey Attorney General, file this complaint and allege as follows:

2

## NATURE OF THE ACTION

1. This is a civil action brought under Sections 107(a) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9607(a) and 9613(g)(2), and the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("Spill Act"), against Cornell Dubilier Electronics, Inc. ("CDE").

2. The United States seeks to recover (a) costs incurred by the United States in response to releases or threatened releases of hazardous substances into the environment at or from the Woodbrook Road Dump Superfund Site located in South Plainfield, New Jersey ("Site"), (b) damages for injury to, destruction of, or loss of natural resources at the Site, including the reasonable costs of assessing such injury, destruction or loss, and (c) a declaratory judgment of liability for future costs and damages in connection with the Site.

3. NJDEP and the Administrator seek reimbursement of costs they have incurred and will incur for the discharge of hazardous substances at the Site. NJDEP also seeks to recover the damages, including reasonable assessment costs, the State has incurred, and will incur, for the injury to, destruction of, or loss of any natural resources under the State's trusteeship resulting from the release of hazardous substances at the Site. Finally, NJDEP and the Administrator seek a

declaratory judgment of liability for future costs and damages in connection with the Site.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345, and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

5. Venue is proper in this district under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the Court has in personam jurisdiction over CDE.

## DEFENDANT

6. CDE is a Delaware corporation with a principal place of business in Liberty, South Carolina, and a distribution center in New Bedford, Massachusetts.

## STATUTORY FRAMEWORK

7. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs and natural resource damages on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

8. PRPs are defined in CERCLA as (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain

transporters of hazardous substances. *See* 42 U.S.C. § 9607(a)(1) - (4).

9. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> * * *
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances...
>
> * * *
>
> shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . .
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such release.

## SITE DESCRIPTION AND FACTUAL BACKGROUND

10. The Site consists of a 70-acre parcel of land located on Woodbrook Road, South Plainfield, New Jersey. The Site is undeveloped and consists largely of forested wetlands, some uplands and two fill areas. The surrounding area is a mix of undeveloped space, industrial and residential areas.

11. The Site was used historically for the dumping of industrial waste and

5

municipal debris, including electrical capacitors and varying types of industrial waste and household waste.

12. EPA testing revealed that the Site is contaminated with polychlorinated biphenyls ("PCBs") among other hazardous substances.

13. Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, on April 30, 2003. *See* 68 Fed. Reg. 23077 (April 30, 2003).

14. As of March 31, 2022, the United States had incurred total Site costs of $6,572,471.95.

15. The United States will continue to incur response costs at the Site.

## GENERAL ALLEGATIONS

16. Hazardous substances, (including but not limited to PCBs), as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been released at the Site, and/or there is a threat of such release at the Site, as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

17. The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C.  § 9601(9).

18. CDE is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

19. During certain periods of time prior to 1963, CDE manufactured

capacitors at a plant located about one mile from the Site in South Plainfield, New Jersey. CDE impregnated these capacitors with PCB dielectric fluid. During the manufacturing process, CDE determined that certain of these capacitors did not meet specifications and rejected them. In addition, certain of these capacitors failed after being put into use by CDE customers and were returned by the customers to CDE. Subsequently, CDE arranged for the disposal offsite of certain of these rejected and/or failed capacitors and/or their constituent parts. Capacitors with CDE markings and capacitor components were disposed of at the Site.

<u>FIRST CLAIM FOR RELIEF</u>
*United States Cost Recovery under CERCLA 107*

20. The above paragraphs are re-alleged and incorporated herein by reference.

21. CDE is a person who arranged for disposal or arranged with a transporter for transport for disposal of hazardous substances owned or possessed by CDE and such hazardous substances have been found at the Site. As such, CDE is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

22. The United States has incurred response costs for actions taken in response to the release or threat of release of hazardous substances, including PCBs, at the Site through the date of filing of this complaint. The United States will continue to incur response costs in connection with the Site in the future.

23. EPA's response actions taken at or in connection with the Site, and

the costs incurred incident thereto, are not inconsistent with the National Contingency Plan, which was promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and is codified at 40 C.F.R. Part 300.

24. Pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), CDE is jointly and severally liable to the United States for all costs incurred by the United States in connection with the Site, including enforcement costs and interest on all such costs.

## SECOND CLAIM FOR RELIEF
*United States Natural Resource Damages under CERCLA 107*

25. The above paragraphs are re-alleged and incorporated herein by reference.

26. At all times relevant to this action, "natural resources" within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), have been and/or are being injured, destroyed or lost as a result of the "release" of "hazardous substances" at or from the Site, within the meaning of Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22), and 9607(a).

27. DOI is a trustee for natural resources injured, destroyed or lost as a result of releases of hazardous substances at the Site pursuant to Section 107(f)(2)(A) of CERCLA, 42 U.S.C. § 9607(f)(2)(A). *See* 40 C.F.R. § 300.600(b)(2).

28. DOI has incurred and continues to incur costs related to the

assessment of the injury, destruction, or loss resulting from the releases of hazardous substances at or from the Site.

29. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), CDE is jointly and severally liable for damages for injury to, destruction of, or loss of natural resources at the Site, including the reasonable costs of assessing such injury, destruction, or loss, resulting from the releases of hazardous substances at the Site.

THIRD CLAIM FOR RELIEF
*Cost Recovery under the Spill Act*

30. The above paragraphs are re-alleged and incorporated herein by reference.

31. Except as otherwise provided in N.J.S.A. 58:10-23.11g12, any person who "has discharged a hazardous substance, or is in any way responsible for any hazardous substance" that is discharged, shall be liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred. N.J.S.A. 58:10-23.11g.c.(1).

32. Except as otherwise exempted under N.J.S.A. 58:10-23.11g12, the discharge of hazardous substances is a violation of the Spill Act, for which any person who is the discharger of, or is in any way responsible for, any hazardous substance that is discharged, is strictly liable, jointly and severally. N.J.S.A. 58:10-23.11g.c.(1).

33. NJDEP has incurred, and may continue to incur, costs as a result of the discharge of hazardous substances at the Site.

34. The costs that NJDEP has incurred and will incur for the Site are "cleanup and removal costs" within the meaning of N.J.S.A. 58:10-23.11b.

35. CDE is a "person" within the meaning of N.J.S.A. 58:10-23.11b.

36. CDE is a discharger and also a person that is in any way responsible for the discharged hazardous substances, and is liable, jointly and severally, without regard to fault, for all cleanup and removal costs that NJDEP has incurred, and will incur, as a result of the discharge of hazardous substances at the Site. N.J.S.A. 58.10-23.11g.c.(1).

## FOURTH CLAIM FOR RELIEF
*New Jersey Claim for Natural Resource Damages*

37. The above paragraphs are re-alleged and incorporated herein by reference.

38. At all times relevant to this action, "natural resources" within the meaning of N.J.S.A. § 58:10-23.11b have been and/or are being injured, destroyed or lost as a result of the "discharge" of "hazardous substances" at or from the Site, within the meaning of N.J.S.A. § 58:10-23.11b.

39. NJDEP is authorized, pursuant the Spill Act, to assess damages for the injury to, destruction of, or loss of any natural resource under his trusteeship, and,

pursuant to N.J.S.A. § 58:10-23.11f(a)(2)(b) seek recovery of those damages, including lost value and reasonable assessment costs.

40. NJDEP has incurred, and will continue to incur, damages for the injury to, destruction of, or loss of any natural resources under his trusteeship resulting from the release, or threatened release, of hazardous substances at the Site.

## FIFTH CLAIM FOR RELIEF
*Declaratory Judgment under CERCLA 113*

41. The above paragraphs are re-alleged and incorporated herein by reference.

42. Pursuant to Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), plaintiffs are entitled to a declaratory judgment that CDE is liable for response costs and natural resource damages in connection with the Site that will be binding in any subsequent action or actions to recover further response costs or damages in connection with the Site.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully requests that the Court:

1. Enter judgment against CDE and in favor of the United States for all unreimbursed response costs incurred by the United States in connection with the Site including enforcement costs and prejudgment interest, pursuant to Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A);

2. Enter a judgment against CDE and in favor of the United States against CDE for all damages for injury to, destruction of, and loss of natural resources within the trusteeship of DOI, resulting from the releases of hazardous substances at the Site, including the unreimbursed past, present, and future costs of assessing such damages, pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C);

3. Order CDE to reimburse NJDEP and the Administrator, jointly and severally, without regard to fault, for all cleanup and removal costs NJDEP and the Administrator have incurred at the Site, with applicable interest;

4. Order CDE to reimburse NJDEP for all damages that New Jersey Trustee has incurred for the Site, with applicable interest;

5. Enter a declaratory judgment against CDE and in favor of plaintiffs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on liability for all further response costs, including enforcement costs, as well as all further natural resource damages and costs of assessment, to be incurred in the future by the plaintiffs in connection with the Site, plus interest, that will be binding on any subsequent action or actions to recover further response costs or damages;

6. Award plaintiffs their costs of this action; and

7. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*For Plaintiff United States of America*

ELLEN M. MAHAN
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

| | |
|---|---|
| <u>May 31, 2022</u><br>Dated | <u>*s/ Patrick B. Bryan*</u><br>PATRICK B. BRYAN<br>Senior Attorney<br>Environmental Enforcement Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Ben Franklin Station<br>Washington, D.C.  20044-7611<br>(202) 616-8299<br>patrick.bryan@usdoj.gov<br><br>PHILIP R. SELLINGER<br>United States Attorney<br>District of New Jersey<br><br>J. ANDREW RUYMANN<br>Assistant United States Attorney<br>Chief, Civil Division<br>U.S. Attorney's Office, District of New Jersey<br>402 East State Street, Room 430<br>Trenton, New Jersey 08608<br>Phone: (609) 989-0563 |

*For Plaintiffs New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund*

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093


May 31, 2022
Dated

*s/ Thomas Lihan*
THOMAS LIHAN
Deputy Attorney General


OF COUNSEL:

DEBORAH SCHWENK
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 2 - New Jersey Superfund Branch.
290 Broadway
New York, New York 10007-1866

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I certify that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

*s/ Patrick B. Bryan*
PATRICK B. BRYAN
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 616-8299
patrick.bryan@usdoj.gov